[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11403

_____

D.C. Docket No. 1:16-cv-01792-ELR

STEVEN J. MYERS,

Plaintiff-Counter Defendant-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Counter Claimant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 6, 2019)

Before TJOFLAT and JORDAN, Circuit Judges, and SCHLESINGER,* District
Judge.

PER CURIAM:

_____

*  Honorable Harvey E. Schlesinger, United States District Judge for the Middle District
of Florida, sitting by designation.

Steven Myers was the CFO and co-president of two companies[1] that failed to pay trust fund taxes.  Under 26 U.S.C. § 6672(a), the IRS may recover unpaid taxes against "[a]ny person required to collect, truthfully account for, and pay over any tax" "who willfully fails to collect such tax."  The IRS concluded that Myers was liable under § 6672(a) and assessed the companies' trust fund penalties against him.  Myers paid some of the penalties and then sued the Government for a refund.  The Government filed a counterclaim for the balance of the penalties, and both parties moved for summary judgment.  The District Court granted summary judgment in favor of the Government.  After the benefit of oral argument, we affirm.

## I.

The two companies that Myers worked for were owned by another company ("Parent Company"), and Parent Company was licensed by the U.S. Small Business Administration (the "SBA") as a Small Business Investment Company (the "SBIC").  The SBA guarantees debentures that SBICs issue and has the power to place those SBICs into receivership.

Here, Parent Company violated the terms of its license, so the SBA filed suit in the Southern District of New York to place Parent Company into receivership.

---

[1] The companies were Window Media, LLC, and Unite Media, LLC.  They both published newspapers.

2

*See United States v. Avalon Equity Fund, L.P.*, No. 1:08-cv-7287 (S.D.N.Y., filed Aug. 18, 2008).  Under an agreed-to Consent Order, the Southern District of New York placed Parent Company in receivership.  Per the Consent Order, the Southern District of New York took "exclusive jurisdiction" of Parent Company and "all of its assets, and the Court appointed the SBA as Parent Company's receiver.

As Parent Company's receiver, the SBA was given "all powers, authorities, rights and privileges . . . [enjoyed] by the general partners, managers, officers and directors" of Parent Company.[2]  In turn, Parent Company's actual general partners, managers, officers, and directors were dismissed.  Put simply, the SBA was calling the shots for Parent Company.

In 2009, the companies that Myers worked for failed to pay trust fund taxes.  During this time, Myers was the CFO and co-president, and he had signature authority on the companies' bank accounts.  Parent Company was in receivership—meaning the SBA was calling the shots—when the companies that Myers worked for failed to pay their trust fund taxes.  Thus, according to Myers, the SBA's agent told him to prioritize other vendors over the trust fund taxes.

And so he did.  Myers knew the trust fund taxes were due, and he didn't pay them.  But he did approve payments to these more critical vendors.  Eventually, the

---

[2] The SBA was also given "all powers and authority conferred upon" it under 15 U.S.C. § 687c and 28 U.S.C. § 754.

IRS assessed the trust fund tax penalties against Myers, and he paid a portion of the assessment.

## II.

Myers sued for a refund, and both parties eventually moved for summary judgment. Rejecting Myers's my-boss-told-me-not-to-pay argument, the District Court granted summary judgment in favor of the Government.

Myers appealed. "On appeal from a grant of summary judgment, this Court reviews legal questions *de novo*." *Al-Rayes v. Willingham*, 914 F.3d 1302, 1306 (11th Cir. 2019) (citation omitted).

## III.

Recognizing this Court's long line of precedent rejecting the my-boss-told-me-not-to-pay argument,[3] Myers conceded at oral argument that he would be liable for the unpaid taxes if Parent Company's receiver had been a private entity. This case is different, Myers said, because Parent Company's receiver was the SBA, a government agency. Myers said he should not be liable because it wasn't any old boss telling him not to pay—it was a government agent. During argument, Myers

---

[3] *See Thosteson v. United States*, 331 F.3d 1294, 1300 (11th Cir. 2003) ("Acting, or rather failing to act, under orders from his superior does not negate [a defendant's] culpability under the statute."); *Thibodeau v. United States*, 828 F.2d 1499, 1504 (11th Cir. 1987) (per curiam) (noting that Eleventh Circuit precedent "hold[s] that an otherwise responsible person cannot be relieved of this obligation [to pay taxes] when directed by another person not to pay the taxes"); *Roth v. United States*, 779 F.2d 1567, 1572 (11th Cir. 1986) (rejecting the my-boss-told-me-not-to-pay defense).

4

agreed that he would be liable if we apply the same rules to government receivers as we do to private receivers.

So, the narrow question before us is whether 26 U.S.C. § 6672(a)—and our case law interpreting it—applies with equal force when a government agency receiver tells a taxpayer not to pay trust fund taxes. We hold that it does. We cannot apply different substantive law simply because the receiver in this case was the SBA. Thus, Myers is liable under § 6672(a).

IV.

The judgment of the District Court is

**AFFIRMED.**

JORDAN, Circuit Judge, concurring in the judgment:

The majority concludes that Mr. Myers is responsible for trust fund penalties under 26 U.S.C. § 6672(a) even if he was instructed by an agent of the federal government—here an SBA receiver—to prioritize the payment of other creditors and vendors over the trust fund taxes that were due. According to the majority, there is no basis for adopting a different substantive rule when a federal agency is acting as the receiver. I agree with the result, but would decide the case on a more narrow ground.

Mr. Myers' contention is that a person should not be liable under § 6672(a) to a federal agency—the IRS—for trust fund penalties if a different federal agency— the SBA acting as receiver—has told him not to pay trust fund taxes. I am not sure this legal issue is clear cut, and I can imagine a situation—like the one presented in *McCarty v. United States*, 437 F.2d 961, 963–73 (Ct. Cl. 1971)—where the answer would not be self-evident.

My preference is to leave the broad legal question open. As I see things, Mr. Myers is essentially arguing that the IRS should be estopped from recovering trust fund penalties because he acted pursuant to the instructions of the SBA receiver. I would hold that, on this record, Mr. Myers' reliance on these instructions was not objectively reasonable. *Cf. United States v. Alvarado*, 808 F.3d 474, 484–85 (11th

Cir. 2015) (explaining, in the criminal context, that the public authority and entrapment-by-estoppel defenses require reasonable reliance).

When the SBA became the receiver of the parent company, it stepped into the private status of that entity, *see Untied States ex rel. Petras v. Simparel, Inc.*, 857 F.3d 497, 503–04 (3d Cir. 2017), and had to abide by its own liquidation standard operating procedures. Those procedures, in relevant part, required the SBA receiver to make all appropriate filings with federal tax authorities as required by 28 U.S.C. § 960 if reasonably possible. *See id.* at 504; Small Business Administration, *SBIC Liquidation SOP 10 07 1* at Ch. 7 ¶ 7.b(2) (2007). In turn, § 960 provides that "[a]ny officers and agents conducting any business under authority of a United States court shall be subject to all Federal . . . taxes applicable to such business to the same extent as if it were conducted by an individual or corporation." Given this language, Mr. Myers could not have reasonably relied on the do-not-pay instructions of the SBA receiver. *See Cal. State Bd. of Equalization v. Sierra Summit, Inc.*, 490 U.S. 844, 852 (1989) (explaining that Congress' intent in enacting § 960 was that "a business in receivership . . . should be subject to the same tax liability as the owner had he been in possession of, and operating, the enterprise.").

7